UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DR. BERNARD T. LEONELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause Number: 1:07-CV-121 |
| CITY OF KENDALLVILLE, | ) |
| PATROLMAN DOUGLAS M. DAVIS, | ) |
| PATROLMAN MIKE MCCANN, | ) |
| DETECTIVE LANCE WATERS, | ) |
| SERGEANT LARRY RICHARDSON, | ) |
| PATROLMAN JOHNNY RICHIE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's November 13, 2007, Motion to Amend (Docket # 39), in which the Plaintiff seeks leave to file a Second Amended Complaint under 42 U.S.C. § 1983 and Indiana state tort law. The Plaintiff asserts that the proposed Second Amended Complaint is necessary because it will correct the names of the Defendants that the Plaintiff first sought to identify in his First Amended Complaint and will provide necessary clarification about the factual allegations relating to each Defendant. In particular, the proposed Second Amended Complaint corrects the spelling of Defendant Richie's last name in the caption, drops Defendant Avilla Town Marshall Wills as a Defendant, and clarifies the allegations concerning the Defendants who allegedly committed the tort of trespass.[1]

The Defendants oppose the Plaintiff's motion to amend, arguing that although the

---

[1] The only mention of Avilla Town Marshall Wills is in paragraph 2 of the First Amended Complaint (Docket # 25), where he is referred to as a "Defendant"; however, his name does not appear in the caption, no summons was ever issued for him, and no appearance for the Marshall has ever been entered.

1

material allegations contained in paragraphs 2, 5-7, 10, and 12 of the proposed Second Amended Complaint are largely the same as in the Plaintiff's First Amended Complaint, they are inconsistent with the Plaintiff's intervening deposition testimony.  As the Defendants see it, the Plaintiff admitted in his November 8, 2007, deposition that only Defendant Davis engaged in wrongful conduct, and thus it is a violation of Federal Rule of Civil Procedure 11(b)(3) to re-allege that any other Defendants participated in the Plaintiff's arrest, prosecution, or the alleged search of his home.  The Defendants further argue that it is too late for the Plaintiff to amend his complaint because the deadline to do so expired on September 15, 2007. (Docket # 40.)

The Plaintiff does not deny what his deposition testimony reveals.  However, he views it as irrelevant because there is other evidentiary support for the claims he is asserting in his First Amended Complaint and which he hopes to re-allege (with some refinements) in the proposed Second Amended Complaint.  In particular, the Plaintiff points to the evidentiary admissions contained in the Defendants' answers to Interrogatories Nos. 2 and 3 that the Plaintiff earlier propounded.  The Court will turn to these arguments after briefly providing some factual and procedural context.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is a fairly young case, having first been filed in the Noble County, Indiana, Superior Court and immediately removed here on May 8, 2007. (Docket # 2.)  This Court then held a preliminary pretrial conference on June 25, 2007 (Docket # 17), at which it adopted the Report of the Parties' Planning Meeting (Docket # 14); established a deadline for discovery of March 1, 2007; and made July 16, 2007, the last date for the Plaintiff to join additional parties and to amend the pleadings.  Later, the Court extended the date to amend the pleadings to September

15, 2007. (Docket # 22.)

In fact, the Plaintiff did seek to amend his original complaint and when the Defendants voiced no objection, the Court granted the Plaintiff's motion; consequently, the First Amended Complaint was filed on October 10, 2007. (Docket # 25.)  In essence, the First Amended Complaint dropped the "John Doe" Defendants and added the names of the police officers allegedly involved: Mike McCann, Lance Waters, Larry Richardson, and Johnny Richie.[2]

Factually, the Plaintiff contends in his First Amended Complaint that on May 3, 2006, Defendant Davis, allegedly with the assistance of Defendant McCann, entered his home without probable cause and arrested him purportedly for violating a restraining order and resisting arrest. That arrest was then followed by a warrantless search of the Plaintiff's home by Defendants Davis, Waters, Richardson, and Richie.

The Plaintiff's legal contentions are that Davis and McCann subjected him to false arrest and malicious prosecution, and that Defendants Davis, Waters, Richardson, and Richie conducted an unreasonable search and seizure of his home in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.  The First Amended Complaint is, however, a little ambiguous about the state law tort claim.  Paragraph 2 of the First Amended Complaint contends that the Plaintiff is suing all four individual Defendants for trespass, while paragraph 7 only mentions Davis and McCann as entering the Plaintiff's home "in violation of the tort laws and public policies of the State of Indiana."

On November 13, 2007, the Plaintiff filed the current motion to amend his First

---

[2] The Plaintiff observes that Rickie's name as it appears in the caption of the First Amended Complaint should be spelled "Richie" (as it, in fact, appears in the body of that pleading), and the Court likewise adopts that version.

Amended Complaint, essentially seeking to clarify, at least at paragraph 9 of the proposed Second Amended Complaint, that the Plaintiff is suing all four of the individual Defendants (*i.e.*, not just Davis and McCann) for trespass. Rather than welcoming such a clarification, the Defendants accuse the Plaintiff of violating Federal Rule of Civil Procedure 11(b) by even re-alleging the contentions of the First Amended Complaint because, as the Plaintiff's recent deposition purportedly shows, he has no evidentiary support for the proposition that any of the other individual Defendants, other than Davis, did "anything wrong." (Leonelli Dep. 108:3-4.)

## II.  STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16 provides in part:

> (b) [The district court] . . . shall, after receiving the report from the parties under Rule 26(f)[,] . . . enter a scheduling order that limits the time (1) to join other

4

>parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery . . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 16(b). Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id*. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

### III. DISCUSSION

#### A. Good Cause Exists for Amending the First Amended Complaint

The parties do not spend much time arguing about whether the Plaintiff has shown good cause for the late amendment to the First Amended Complaint; in fact, other than noting that the deadline has passed, the Defendants apply no legal gloss at all to their argument.

The Plaintiff, on the other hand, notes that no additional facts or legal allegations are being advanced in the Second Amended Complaint and that the amendment merely seeks to clarify the basis of the Plaintiff's First Amended Complaint. (*See* Pl.'s Resp. ¶ 8.) We believe this to be a fair reading of the pleadings to date. Indeed, it is far from clear to us that the Plaintiff needed to even file a motion to amend since the First Amended Complaint certainly could be read to include a trespass claim against each of the individual Defendants; in fact, the Defendants apparently did read it that way.

5

Moreover, the Plaintiff argues that the Defendants will not be prejudiced by the ostensibly late amendment. Potential prejudice, of course, is a proper factor to consider when evaluating whether to amend a scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). On that score, we do not see how the Defendants can claim prejudice by the late clarifying amendment; in fact, they do not suggest any prejudice at all. Discovery remains open for months, no deadline has been established for dispositive motions, it would not appear that any additional discovery will be necessary as a result of the modest clarifications that Plaintiff hopes to make, and the Defendants point to no additional expenses that will be incurred.

Therefore, overall there was good cause here for the Plaintiff to offer a clarifying amendment to the First Amended Complaint to establish with precision the various claims he had already advanced in the First Amended Complaint. Moreover, the Second Amended Complaint appropriately drops any claim against Avilla Town Marshall Wills, as later discovery revealed that the Plaintiff has no factual basis for a claim against him. Given the lack of any conceivable prejudice to the Defendants, we will move on to consider the Defendants' next objection.

### B. The Second Amended Complaint Has Adequate Evidentiary Support

The major thrust of the Defendants' objection to the Plaintiff's motion to amend is that all the allegations of the Second Amended Complaint, while squaring with what was alleged in the First Amended Complaint, are inconsistent with the Plaintiff's deposition testimony and therefore are violative of Rule 11(b)(3) for lacking evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). It is not altogether clear where this argument fits within the typical analysis governing motions to amend; that is, whether the Defendants are arguing undue delay, bad faith, dilatory

motive, prejudice, or futility. *Trustmark*, 347 F.3d at 655.  In the final analysis, however, the question is resolved by the fact that the Defendants' overarching premise is incorrect; the Plaintiff does have evidentiary support for his claims.

First, it should be observed that while the Plaintiff's deposition is revealing, it also suggests that the Plaintiff was, at least during part of the incident, distracted and physically removed from the premises.  Accordingly, he is not sure, for example, who other than Davis entered his home. (Leonelli Dep. 35:22-24, 36:9-14, 98:15-24.)

The evidentiary support for the claims must thus come from elsewhere and, in this instance, is supplied by the Defendants' answers to the Plaintiff's interrogatories.  As those interrogatories reveal, Richardson, Waters, and Richie all entered the Plaintiff's home with the ostensible purpose of checking for victims.  Accordingly, the Plaintiff's lack of certitude regarding who entered his home as revealed in his deposition, is, as the Plaintiff maintains, somewhat irrelevant.  The only other question is the role of McCann, who it is suggested in the interrogatory answers only helped Davis in handcuffing the Plaintiff.  Nonetheless, McCann's involvement in that aspect of the event suggests that he too was in the Plaintiff's home or on his premises and therefore is also potentially liable for civil trespass. *Sigsbee v. Swathwood*, 419 N.E.2d 789, 799 (Ind. Ct. App. 1981).

Therefore, since there has been no undue delay, bad faith or, as discussed earlier, prejudice, and since the proposed amendments cannot be shown to be futile, *Trustmark*, 347 F.3d at 655, the Court believes that justice requires that leave to amend should, in this instance, be "freely given." Fed. R. Civ. P. 15(a).

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to file a second amended complaint (Docket # 39) is GRANTED, and the Clerk is to show the Second Amended Complaint filed.

SO ORDERED.

Enter for November 29, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
Magistrate Judge
United States District Court
Northern District of Indiana
